**Besmir ELEZI–LITA, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–6402–ag.**

United States Court of Appeals, Second Circuit.

July 28, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Aleksander Milch, New York, New York, for Petitioner.

Margaret M. Chiara, United States Attorney for the Western District of Michigan, John F. Salan, Assistant United States Attorney, Grand Rapids, Michigan, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Besmir Elezi–Lita, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Alan Vomacka's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Since the BIA did not consider the IJ's alternative burden of proof finding, this Court will review only the adverse credibility determination. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

We find that the IJ's adverse credibility determination, as supplemented by the BIA, is supported by substantial evidence. Although we agree with Elezi–Lita that the IJ speculated as to what information should have been included in his Democratic Party membership card, we find that the other non-erroneous factors directly relate to Elezi–Lita's claims, such that we can confidently predict that the agency would reach the same result on remand absent the speculation. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006).

Although it may have been unreasonable for the IJ to base his credibility finding on Elezi–Lita's inability to state exactly how many Democrats are currently in parliament, the IJ acted reasonably in concluding that the extent of Elezi–Lita's knowledge about Albanian politics in general was limited. Elezi–Lita stated the same information repeatedly, and the IJ acted reasonably in concluding that Elezi–Lita was unable to answer the questions fully.

A reading of the asylum statement and transcript also indicate that Elezi–Lita was confused as to which year some of the October events occurred. Moreover, Elezi–Lita's testimony was inconsistent as to what happened in June 2001. Although he is correct that he mentioned the June 2001 events in his affidavit, his affidavit states only that his father was directly threatened, whereas his testimony implied that he was personally threatened. The IJ also acted reasonably in questioning whether Elezi–Lita was telling the truth about the severity of the incidents, since Elezi–Lita insisted that his grades improved during this time.

We also agree with the IJ's corroboration finding regarding the lack of a supporting letter from Elezi–Lita's father, a person who would have significant knowledge of the events that took place in Albania.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).